## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **GEORGIA HOSPITALISTS** | ) | |
| **GROUP, LLC and** | ) | |
| **APOLLO MD BUSINESS SERVICES,** | ) | |
| **LLC,** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of a disability and to provide appropriate relief to Dr. Alunda Hunt ("Dr. Hunt"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Dr. Hunt's employment contract was terminated by defendants Georgia Hospitalists Group, LLC ("GHG") and ApolloMD Business Services, LLC ("ApolloMD") (jointly "Defendants") because of his disability, in violation of the ADA.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant GHG has been a Georgia corporation, doing business in the state of Georgia, and the city of Atlanta.

5.      At all relevant times, Defendant ApolloMD has been a Georgia corporation, doing business in the state of Georgia, and the city of Atlanta, and has continuously had at least 15 employees.

6.      On information and belief, at all relevant times, the defendants named in this action have operated as an integrated business enterprise, and have collectively had at least 15 employees on a continual basis.

7.      Facts establishing the existence of an integrated enterprise include, but are not limited to, the following:

     a.      Defendants share a common principal office address, 5665 New Northside Drive, Suite 320, Atlanta, Georgia 30328;

     b.      Defendants have the same registered agent, The Corporation Company, 328 Alexander Street, Suite 10, Marietta, Georgia 30060;

     c.      Defendant ApolloMD performs management services for Defendant GHG;

     d.      On information and belief, Defendants share common management; and

     e.      Defendants' operations are interrelated such that the letter notifying Dr. Hunt that his employment contract was

terminated was on GHG  letterhead and signed by an

ApolloMD management official.

8.     At all relevant times, Defendants named in this action have

continuously been employers engaged in an industry affecting commerce within

the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b),

(g), and (h).

## ADMINISTRATIVE PROCEDURES

9.     More than thirty days prior to the institution of this lawsuit, Dr. Hunt

filed a charge of discrimination with the Commission alleging violations of the

ADA by Defendants.

10.    On April 22, 2016, the Commission issued to Defendants a Letter of

Determination finding reasonable cause to believe that the ADA was violated and

inviting Defendants to join with the Commission in informal methods of

conciliation to endeavor to eliminate the unlawful employment practices and

provide appropriate relief.

11.    On July 11, 2016, the Commission issued to Defendants a Notice of

Failure of Conciliation advising Defendants that the Commission was unable to

secure from Defendants a conciliation agreement acceptable to the Commission.

12.    All conditions precedent to the institution of this lawsuit have been

fulfilled.

## STATEMENT OF CLAIMS

13.    Since October 2013, Defendants have engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b).

14.    Dr. Hunt is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Dr. Hunt has an impairment that substantially limits him in the operation of major bodily functions, including functions of the musculoskeletal and neurological systems.

15.    Defendants regarded Dr. Hunt as having a disability by terminating his employment contract because of an actual or perceived impairment.

16.    On or about July 25, 2013, Dr. Hunt entered into a Physician's Agreement with GHG to provide medical services as a physician to acutely ill patients at Spaulding Regional Medical Center in Griffin, Georgia, effective September 1, 2013.  Prior to entering into the agreement with GHG, Dr. Hunt was already working as a physician at Spaulding Regional Medical Center.

17.    According to the terms of the agreement with GHG, Dr. Hunt earned an annual salary in exchange for working a total of 182 twelve-hour shifts per year and a total minimum of 15 twelve-hour shifts per month.  Dr. Hunt was also

compensated annually with a quality bonus to be paid in increments every three months after meeting 6 quality metrics set by Defendants.  He could also earn annual productivity bonuses under the agreement with GHG.

18.     Additionally, according to the agreement, Dr. Hunt was provided with professional liability insurance at GHG's expense. If Defendants determined that Dr. Hunt was not qualified to perform physician services on its behalf, Defendants had sole discretion to terminate the agreement.

19.     ApolloMD was responsible for managing the physicians working at Spaulding Regional Medical Center through GHG.   The Senior Vice President of Hospital Medicine for ApolloMD (the "Senior VP/ApolloMD"), scheduled, recruited, and assisted the physicians with employment issues.

20.     As part of his transition to working for GHG, Dr. Hunt was required to have his credentials verified.   In or around August 2013, Hunt provided the Senior VP/ApolloMD with a January 9, 2012 letter from his doctor indicating that he was being treated for a chronic pain condition with prescribed narcotic pain medications and spinal injections.  The doctor's note also stated that Dr. Hunt had been compliant as a patient.

21.     In or about September 2013, the Senior VP/ApolloMD requested that Dr. Hunt provide updated medical documentation from his doctor regarding his

impairment.

22.     On or about October 10, 2013, Dr. Hunt provided the updated doctor's note to the Senior VP/ApolloMD.  The note indicated that Dr. Hunt was being treated for a chronic pain condition with prescribed narcotic pain medications and spinal injections.   The doctor stated that Dr. Hunt was compliant with his narcotic treatment as verified by routine and random urine testing and use of the state of Georgia Board of Pharmacy monitoring website.  The note did not indicate that Dr. Hunt was experiencing any negative side effects as a result of his medical treatment.

23.     After receiving the updated note from Dr. Hunt's doctor, on or about October 14, 2013, the Senior VP/ApolloMD informed Dr. Hunt that Defendants were concerned about his ability to perform his job while taking narcotic medication.  Shortly thereafter, Dr. Hunt received a text message from the Senior VP/ApolloMD stating that he was being removed from the work schedule while Defendants further evaluated his situation.

24.     On or about October 16, 2013, Dr. Hunt received a letter from the President of Hospital Medicine for ApolloMD (the "President/ApolloMD"), notifying Hunt of Defendants' intention to terminate his contract unless Hunt chose to resign.     In the letter, the President/ApolloMD stated "based on the

correspondence of January 9, 2012 and October 10, 2013… that describes your medications and spinal injections, [it is concluded] that you cannot meet the requirements of your job duties."

25.     Dr. Hunt refused to resign; thus, Defendants terminated his contract immediately.

26.     At the time Dr. Hunt's contract was terminated, he was capable of performing his job competently and safely despite his impairment and despite his use of narcotic medications and receipt of spinal injections for his impairment.

27.     Dr. Hunt was unlawfully terminated by Defendants because of his disability and/or because he was regarded as a person with a disability due to his impairment and use of legally prescribed narcotic medications.

28.     The effects of the practices complained of in Paragraphs 13-27 have been to deprive Dr. Hunt of equal employment opportunities and, otherwise, adversely affect his status as an employee because of his disability.

28.     The unlawful employment practices complained of in Paragraphs 13-27 were intentional.

29.     The unlawful employment practices complained of in Paragraphs 13-27 were carried out with malice and/or reckless indifference to the federally protected rights of Dr. Hunt.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating any employee based on an actual or perceived disability without performing a full and complete objective individualized assessment of the employee's ability to safely perform the job, and engaging in any other employment practices that discriminate on the basis of disability.

B.     Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendants to make Dr. Hunt whole, by providing appropriate back pay with and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.     Order Defendants to make Dr. Hunt whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment

practices described above, including job search expenses and relocation expenses, in amounts to be determined at trial.

E.     Order Defendants to make Dr. Hunt whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendants to pay Dr. Hunt punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

(Signatures Continued on next page)

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, NE
Washington, DC 20507

LYNETTE A. BARNES
Acting Regional Attorney

OTTRELL EDWARDS
Supervisory Trial Attorney

09/28/16                          s/Lakisha Duckett Zimbabwe
Date                              LAKISHA DUCKETT ZIMBABWE
                                  Georgia Bar No. 231641
                                  Senior Trial Attorney
                                  lakisha.duckett-zimbabwe@eeoc.gov

                                  EEOC - ATLANTA DISTRICT OFFICE
                                  100 Alabama Street, SW
                                  Suite 4R30
                                  Atlanta, Georgia 30303
                                  (404) 562-6815 (direct dial)
                                  (404) 562-6905 (fax)