# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:16-cv-03640-ELR-JKL |
| GEORGIA HOSPITALISTS GROUP, LLC and APOLLO MD BUSINESS SERVICES, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## ANSWER

COME NOW, Georgia Hospitalists Group, LLC ("GHG") and ApolloMD Business Services, LLC ("ApolloMD") (incorrectly styled in the Complaint as "Apollo MD") the Defendants herein, and file this, their Answer to Plaintiff's Complaint, and by way of said Answer respectfully show the following:

## FIRST DEFENSE

The Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over some or all of the claims asserted in the Complaint.

**THIRD DEFENSE**

Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.

**FOURTH DEFENSE**

Any damages are limited to those remedies and those amounts provided for by the applicable statute.

**FIFTH DEFENSE**

The Complaint fails to state a claim for punitive, actual, special, exemplary, liquidated, or compensatory damages; any equitable relief; or any other form of damages.

**SIXTH DEFENSE**

Some or all of the claims asserted in the Complaint are barred to the extent that they were never made the subject of a charge of discrimination within the time required by law with the Equal Employment Opportunity Commission or because the claims are not within the scope of any charge of discrimination filed by Dr. Alunda Hunt ("Dr. Hunt").

**SEVENTH DEFENSE**

Some or all of the claims asserted in the Complaint are barred by Dr. Hunt's

failure to exhaust administrative remedies.

## EIGHTH DEFENSE

Dr. Hunt was not an employee of either Defendant within the meaning of the Americans with Disabilities Act ("ADA").

## NINTH DEFENSE

Neither Defendant is an employer within the meaning of the ADA.

## TENTH DEFENSE

Defendants are not proper parties to this civil action.

## ELEVENTH DEFENSE

Even if any adverse action was taken against Dr. Hunt for reasons related to Dr. Hunt's protected-class status, Dr. Hunt would have been subject to adverse action or otherwise for reasons unrelated to any protected-class status, including after-acquired evidence.

## TWELFTH DEFENSE

Any adverse action taken against Dr. Hunt was done so in good faith without malice or reckless indifference to Dr. Hunt's protected rights.

## THIRTEENTH DEFENSE

Any adverse action taken with respect to Dr. Hunt was based on business necessity.

## FOURTEENTH DEFENSE

Dr. Hunt was not a qualified individual with a disability within the meaning of the ADA.

## FIFTEENTH DEFENSE

Dr. Hunt was not qualified to perform the essential functions of his job.

## SIXTEENTH DEFENSE

Defendants were unaware of or did not perceive any alleged disability possessed by Dr. Hunt.

## SEVENTEENTH DEFENSE

Any disability possessed by Dr. Hunt could not be reasonably accommodated.

## EIGHTEENTH DEFENSE

Dr. Hunt constituted a direct threat to the health and safety of himself, others in the workplace, and members of the public.

## NINETEENTH DEFENSE

Any accommodation needed by Dr. Hunt would constitute an undue hardship.

## TWENTIETH DEFENSE

Defendants' actions were required by business necessity and were based on factors other than Dr. Hunt's disability.

## TWENTY-FIRST DEFENSE

Dr. Hunt has failed to mitigate damages as required by law.

## TWENTY-SECOND DEFENSE

Defendants reserve the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## TWENTY-THIRD DEFENSE

For answer to the respective paragraphs of the Complaint, these Defendants show as follows:

<u>Introductory Paragraph</u>

Defendants admit that Plaintiff asserts claims pursuant to the ADA on behalf of Dr. Hunt and denies the remaining allegations pled in the introductory paragraph to the Complaint entitled "Nature of the Action."

1.

Defendants admit that Plaintiff seeks to establish jurisdiction and deny the remaining allegations pled in paragraph 1 of the Complaint.

2.

Defendants admit that venue in this district is proper and deny the remaining allegations pled in paragraph 2 of the Complaint.

3.

Defendants admit that Plaintiff is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA; show that the content of the referenced statutes speaks for itself; and deny the remaining allegations pled in paragraph 3 of the Complaint.

4.

Defendants admit that Defendant GHG is a Georgia company doing business in the state of Georgia and deny the remaining allegations pled in paragraph 4 of the Complaint.

5.

Defendants admit that Defendant ApolloMD is a Georgia company doing business in the state of Georgia and deny the remaining allegations pled in paragraph 5 of the Complaint.

6.

Defendants deny the allegations pled in paragraph 6 of the Complaint.

7.

Defendants admit that the principal office address of each Defendant is 5665 New Northside Drive, Suite 320, Atlanta, GA, 30328; admit that Defendant ApolloMD provides management services to Defendant GHG; and deny the

remaining allegations pled in paragraph 7 of the Complaint, including subparts (a)-(e).

8.

Defendants admit that Plaintiff seeks to establish jurisdiction and deny the remaining allegations pled in paragraph 8 of the Complaint.

9.

Defendants admit that Dr. Hunt filed a charge of discrimination with Plaintiff, show that the content of the referenced document speaks for itself, and deny the remaining allegations pled in paragraph 9 of the Complaint.

10.

Defendants admit that Plaintiff issued correspondence dated April 22, 2016, show that the content of the referenced document speaks for itself, and deny the remaining allegations pled in paragraph 10 of the Complaint.

11.

Defendants admit that Plaintiff issued correspondence dated July 11, 2016, show that the content of the referenced document speaks for itself, and deny the remaining allegations pled in paragraph 11 of the Complaint.

12.

Defendants admit that Plaintiff seeks to establish jurisdiction and deny the

remaining allegations pled in paragraph 12 of the Complaint.

13.

Defendants deny the allegations pled in paragraph 13 of the Complaint.

14.

Defendants deny the allegations pled in paragraph 14 of the Complaint.

15.

Defendants deny the allegations pled in paragraph 15 of the Complaint.

16.

Defendants admit that Dr. Hunt and Defendant GHG entered into a Physician Agreement, admit that Dr. Hunt was providing services at Spalding Regional Medical Center prior to this agreement, show that the content of the referenced document speaks for itself, and deny the remaining allegations pled in paragraph 16 of the Complaint.

17.

Defendants show that the content of the referenced document speaks for itself and deny the allegations pled in paragraph 17 of the Complaint.

18.

Defendants show that the content of the referenced document speaks for itself and deny the allegations pled in paragraph 18 of the Complaint.

19.

Defendants deny the allegations pled in paragraph 19 of the Complaint.

20.

Defendants admit that Dr. Hunt was subject to a credentialing process, admit that a letter dated January 9, 2012 from Dr. Hunt's doctor was provided, show that the content of the referenced document speaks for itself, and deny the remaining allegations pled in paragraph 20 of the Complaint.

21.

Defendants admit that Dr. Hunt was asked to provide updated medical documentation and deny the remaining allegations pled in paragraph 21 of the Complaint.

22.

Defendants admit that a letter dated October 10, 2013 from Dr. Hunt's doctor was provided, show that the content of the referenced document speaks for itself, and deny the remaining allegations pled in paragraph 22 of the Complaint.

23.

Defendants admit that the October 10 letter was discussed with Dr. Hunt, admit that Dr. Hunt was removed from the schedule, and deny the remaining allegations pled in paragraph 23 of the Complaint.

24.

Defendants admit that Dr. Hunt was sent a letter dated October 16, 2013, show that the content of the referenced document speaks for itself, and deny the remaining allegations pled in paragraph 24 of the Complaint.

25.

Defendants admit that Dr. Hunt's contract was terminated and deny the remaining allegations pled in paragraph 25 of the Complaint.

26.

Defendants deny the allegations pled in paragraph 26 of the Complaint.

27.

Defendants deny the allegations pled in paragraph 27 of the Complaint.

28.

Defendants deny the allegations pled in paragraph 28 of the Complaint.

29.

Defendants deny the allegations pled in paragraph 29 of the Complaint.

30.

Defendants deny that Plaintiff or Dr. Hunt is entitled to any of the relief set forth in the Complaint, including, but not limited to, the requests in Sections A-H of the section of the Complaint entitled, "Prayer for Relief."

31.

Any allegations in the Complaint not heretofore answered, qualified, or denied are here and now denied as though set forth specifically and denied.

**WHEREFORE,** the Defendants in the above-referenced civil action respectfully request that this Court:

1. Dismiss with prejudice Plaintiff's Complaint;

2. Award Defendants their reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988 or otherwise; and

3. Award any and all other relief to Defendants that this Court may deem necessary and proper.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Benton J. Mathis Jr.*
Benton J. Mathis, Jr.
Georgia Bar No. 477019
bmathis@fmglaw.com
Martin B. Heller
Georgia Bar No. 360538
mheller@fmglaw.com
Amy C. Bender
Georgia Bar No. 179727
abender@fmglaw.com
Attorneys for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
1787127_1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | CIVIL ACTION FILE NO.<br>1:16-cv-03640-ELR-JKL |
| GEORGIA HOSPITALISTS<br>GROUP, LLC and APOLLO MD<br>BUSINESS SERVICES, LLC, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **ANSWER** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record are:

>Lakisha Duckett Zimbabwe
>Equal Employment Opportunity Commission
>Atlanta District Office – Legal Unit
>100 Alabama Street, S.W.
>Suite 4R30
>Atlanta, GA 30303-8704
>lakisha.duckett-zimbabwe@eeoc.gov

Sandra Kaye Bowen
Irvin Bowen Hale-Smith LLC
Buckhead Centre
2970 Peachtree Road, Suite 225
Atlanta, GA  30305
sbowen@ibhslaw.com

This 2nd day of December, 2016.

*/s/ Benton J. Mathis Jr.*
Benton J. Mathis, Jr.
Georgia Bar No. 477019
bmathis@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000
F:  (770) 937-9960