# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, and | ) ) |
| ALUNDA D. HUNT, M.D., | ) CIVIL ACTION FILE NO. ) |
| Plaintiff-Intervenor | ) 1:16-cv-03640-ELR-JKL ) |
| v. | ) ) |
| GEORGIA HOSPITALISTS GROUP, LLC and APOLLO MD BUSINESS SERVICES, LLC, | ) ) ) ) |
| Defendants. | ) |

## ANSWER TO ALUNDA D. HUNT, M.D.'S
## COMPLAINT IN INTERVENTION

COME NOW, Georgia Hospitalists Group, LLC ("GHG") and ApolloMD Business Services, LLC ("ApolloMD") (incorrectly styled in the Complaint as "Apollo MD") the Defendants herein, and file this, their Answer to Alunda D. Hunt, M.D.'s Complaint in Intervention, and by way of said Answer respectfully show the following:

## FIRST DEFENSE

The Complaint in Intervention and each of its causes of action fail to state a

claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of the claims asserted in the Complaint in Intervention are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.

## THIRD DEFENSE

Any damages are limited to those remedies and those amounts provided for by the applicable statute.

## FOURTH DEFENSE

The Complaint in Intervention fails to state a claim for punitive, actual, special, exemplary, liquidated, or compensatory damages; any equitable relief; or any other form of damages.

## FIFTH DEFENSE

Plaintiff-Intervenor was not an employee of either Defendant within the meaning of the Americans with Disabilities Act ("ADA").

## SIXTH DEFENSE

Neither Defendant is an employer within the meaning of the ADA.

## SEVENTH DEFENSE

Defendants are not proper parties to this civil action.

## EIGHTH DEFENSE

Even if any adverse action was taken against Plaintiff-Intervenor for reasons related to Plaintiff-Intervenor's protected-class status, Plaintiff-Intervenor would have been subject to adverse action or otherwise for reasons unrelated to any protected-class status, including after-acquired evidence.

## NINTH DEFENSE

Any adverse action taken against Plaintiff-Intervenor was done so in good faith without malice or reckless indifference to Plaintiff-Intervenor's protected rights.

## TENTH DEFENSE

Any adverse action taken with respect to Plaintiff-Intervenor was based on business necessity.

## ELEVENTH DEFENSE

Plaintiff-Intervenor was not a qualified individual with a disability within the meaning of the ADA.

## TWELFTH DEFENSE

Plaintiff-Intervenor was not qualified to perform the essential functions of his job.

## THIRTEENTH DEFENSE

Defendants were unaware of or did not perceive any alleged disability

possessed by Plaintiff-Intervenor.

## FOURTEENTH DEFENSE

Any disability possessed by Plaintiff-Intervenor could not be reasonably accommodated.

## FIFTEENTH DEFENSE

Plaintiff-Intervenor constituted a direct threat to the health and safety of himself, others in the workplace, and members of the public.

## SIXTEENTH DEFENSE

Any accommodation needed by Plaintiff-Intervenor would constitute an undue hardship.

## SEVENTEENTH DEFENSE

Defendants' actions were required by business necessity and were based on factors other than Plaintiff-Intervenor's disability.

## EIGHTEENTH DEFENSE

Plaintiff-Intervenor has failed to mitigate damages as required by law.

## NINETEENTH DEFENSE

Plaintiff-Intervenor's state-law claims may be barred, in whole or in part, by Plaintiff-Intervenor's own acts or omissions, including acts of fraud and/or failing to provide requisite documents or information as required by law.

## TWENTIETH DEFENSE

Plaintiff-Intervenor's state-law claims may be barred, in whole or in part, because they are based on contractual provisions that are against public policy, illegal, unreasonable, or otherwise void or unenforceable.

## TWENTY-FIRST DEFENSE

Plaintiff-Intervenor's state-law clams may be barred, in whole or in part, by the Statute of Frauds and/or the parol evidence rule.

## TWENTY-SECOND DEFENSE

Some or all of Plaintiff-Intervenor's claims are barred by the doctrines of waiver, consent, failure of consideration, estoppel, fraud, illegality, laches, Statute of Frauds, payment, and/or accord and satisfaction.

## TWENTY-THIRD DEFENSE

Defendants reserve the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## TWENTY-FOURTH DEFENSE

For answer to the respective paragraphs of the Complaint in Intervention, these Defendants show as follows:

1.

Defendants admit that the EEOC purports to assert claims pursuant to the ADA on behalf of Plaintiff-Intervenor and deny the remaining allegations pled in paragraph 1 of the Complaint in Intervention.

2.

Defendants admit that Plaintiff-Intervenor purports to assert claims pursuant to the ADA and Georgia law and deny the remaining allegations pled in paragraph 2 of the Complaint in Intervention.

3.

Defendants admit that Plaintiff-Intervenor seeks to establish jurisdiction, show that the content of the referenced paragraph of the Complaint speaks for itself, and deny the remaining allegations pled in paragraph 3 of the Complaint in Intervention.

4.

Defendants admit that Plaintiff-Intervenor seeks to establish jurisdiction and deny the remaining allegations pled in paragraph 4 of the Complaint in Intervention.

5.

Defendants admit that venue in this district is proper and deny the remaining allegations pled in paragraph 5 of the Complaint in Intervention.

6.

Defendants admit that Plaintiff-Intervenor is a male; admit, upon information and belief, that he is African-American; and deny the remaining allegations pled in paragraph 6 of the Complaint in Intervention.

7.

Defendants show that the content of the referenced paragraph of the Complaint speaks for itself and deny the allegations pled in paragraph 7 of the Complaint in Intervention.

8.

Defendants show that the content of each of the referenced paragraphs of the Complaint speaks for itself and deny the allegations pled in paragraph 8 of the Complaint in Intervention.

9.

Defendants deny the allegations pled in paragraph 9 of the Complaint in Intervention.

10.

Defendants deny the allegations pled in paragraph 10 of the Complaint in Intervention.

11.

Defendants deny the allegations pled in paragraph 11 of the Complaint in Intervention.

12.

Defendants show that the content of each of the referenced paragraphs of the Complaint speaks for itself and deny the allegations pled in paragraph 12 of the Complaint in Intervention.

13.

Defendants deny the allegations pled in paragraph 13 of the Complaint in Intervention.

14.

Defendants show that the content of each of the referenced paragraphs of the Complaint speaks for itself and deny the allegations pled in paragraph 14 of the Complaint in Intervention.

15.

Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations pled in paragraph 15 of the Complaint in Intervention.

16.

Defendants deny allegations pled in paragraph 16 of the Complaint in

Intervention.

17.

Defendants deny allegations pled in paragraph 17 of the Complaint in Intervention.

18.

Defendants show that the content of the referenced document speaks for itself and deny the allegations pled in paragraph 18 of the Complaint in Intervention.

19.

Defendants show that the content of the referenced document speaks for itself and deny the allegations pled in paragraph 19 of the Complaint in Intervention.

20.

Defendants show that the content of the referenced document speaks for itself and deny the allegations pled in paragraph 20 of the Complaint in Intervention.

21.

Defendants deny the allegations pled in paragraph 21 of the Complaint in Intervention.

22.

Defendants deny the allegations pled in paragraph 22 of the Complaint in Intervention.

23.

Defendants deny the allegations pled in paragraph 23 of the Complaint in Intervention.

24.

Defendants deny the allegations pled in paragraph 24 of the Complaint in Intervention.

25.

Defendants deny the allegations pled in paragraph 25 of the Complaint in Intervention.

26.

Defendants admit that Plaintiff-Intervenor was subject to a credentialing process and deny the remaining allegations pled in paragraph 26 of the Complaint in Intervention.

27.

Defendants admit that Plaintiff-Intervenor was subject to a credentialing process and deny the remaining allegations pled in paragraph 27 of the Complaint in Intervention.

28.

Defendants admit that Plaintiff-Intervenor was subject to a credentialing

process, admit that a letter dated January 9, 2012 from Plaintiff-Intervenor's doctor was provided, show that the content of the referenced document speaks for itself, and deny the remaining allegations pled in paragraph 28 of the Complaint in Intervention.

29.

Defendants admit that Jackie Newman requested that Plaintiff-Intervenor provide updated medical documentation and deny the remaining allegations pled in paragraph 29 of the Complaint in Intervention.

30.

Defendants deny the allegations pled in paragraph 30 of the Complaint in Intervention.

31.

Defendants admit that a letter dated October 10, 2013 from Plaintiff-Intervenor's doctor was provided, show that the content of the referenced document speaks for itself, and deny the remaining allegations pled in paragraph 31 of the Complaint in Intervention.

32.

Defendants admit that Plaintiff-Intervenor was sent a letter from Bill Brigham, show that the content of the referenced document speaks for itself, and deny the remaining allegations pled in paragraph 32 of the Complaint in Intervention.

33.

Defendants deny the allegations pled in paragraph 33 of the Complaint in Intervention.

34.

Defendants deny the allegations pled in paragraph 34 of the Complaint in Intervention.

35.

Defendants deny the allegations pled in paragraph 35 of the Complaint in Intervention.

36.

Defendants deny the allegations pled in paragraph 36 of the Complaint in Intervention.

37.

Defendants show that the content of the referenced document speaks for itself and deny the allegations pled in paragraph 37 of the Complaint in Intervention.

38.

Defendants deny the allegations pled in paragraph 38 of the Complaint in Intervention.

39.

Defendants show that the content of the referenced document speaks for itself and deny the allegations pled in paragraph 39 of the Complaint in Intervention.

40.

Defendants deny the allegations pled in paragraph 40 of the Complaint in Intervention and deny that Plaintiff-Intervenor is entitled to any of the relief requested in paragraph 40 of the Complaint in Intervention.

41.

Defendants incorporate by reference their responses to paragraphs 1-40 of the Complaint in Intervention as though set forth specifically herein.

42.

Defendants deny the allegations pled in paragraph 42 of the Complaint in Intervention.

43.

Defendants deny the allegations pled in paragraph 43 of the Complaint in Intervention.

44.

Defendants deny the allegations pled in paragraph 44 of the Complaint in Intervention.

45.

Defendants deny the allegations pled in paragraph 45 of the Complaint in Intervention.

46.

Defendants deny the allegations pled in paragraph 46 of the Complaint in Intervention.

47.

Defendants incorporate by reference their responses to paragraphs 1-46 of the Complaint in Intervention as though set forth specifically herein.

48.

Defendants deny the allegations pled in paragraph 48 of the Complaint in Intervention.

49.

Defendants deny the allegations pled in paragraph 49 of the Complaint in Intervention.

50.

Defendants deny that Plaintiff-Intervenor is entitled to any of the relief set forth in the Complaint in Intervention, including, but not limited to, the requests in

Sections (a)-(g) of the section of the Complaint in Intervention entitled, "Prayer for Relief."

51.

Any allegations in the Complaint in Intervention not heretofore answered, qualified, or denied are here and now denied as though set forth specifically and denied.

**WHEREFORE,** the Defendants in the above-referenced civil action respectfully request that this Court:

1. Dismiss with prejudice Plaintiff-Intervenor's Complaint in Intervention;

2. Award Defendants their reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988 or otherwise; and

3. Award any and all other relief to Defendants that this Court may deem necessary and proper.

[*Signature on following page*]

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Benton J. Mathis Jr.*
Benton J. Mathis, Jr.
Georgia Bar No. 477019
bmathis@fmglaw.com
Martin B. Heller
Georgia Bar No. 360538
mheller@fmglaw.com
Amy C. Bender
Georgia Bar No. 179727
abender@fmglaw.com
Attorneys for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
1806957_1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, and | ) ) | |
| ALUNDA D. HUNT, M.D., | ) ) | CIVIL ACTION FILE NO. |
| Plaintiff-Intervenor | ) ) ) | 1:16-cv-03640-ELR-JKL |
| v. | ) ) | |
| GEORGIA HOSPITALISTS GROUP, LLC and APOLLO MD BUSINESS SERVICES, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **ANSWER TO ALUNDA D. HUNT, M.D.'S COMPLAINT IN INTERVENTION** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record are:

| | |
|---|---|
| Lakisha Duckett Zimbabwe<br>Equal Employment Opportunity Commission<br>Atlanta District Office – Legal Unit<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303-8704<br>lakisha.duckett-zimbabwe@eeoc.gov | Sandra Kaye Bowen<br>Irvin Bowen Hale-Smith LLC<br>Buckhead Centre<br>2970 Peachtree Road, Suite 225<br>Atlanta, GA 30305<br>sbowen@ibhslaw.com |

This 20th day of December, 2016.

*/s/ Benton J. Mathis, Jr.*
Benton J. Mathis, Jr.
Georgia Bar No. 477019
bmathis@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960